**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 7 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTONIO MONTOYA RICO,

No. 24-623

Petitioner,

Agency No.
A092-031-957

v.

MEMORANDUM[*]

MERRICK B. GARLAND, Attorney
General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 5, 2024[**]
Pasadena, California

Before: WARDLAW, HURWITZ, and DESAI, Circuit Judges.

Antonio Montoya Rico ("Montoya"), a native and citizen of Mexico, petitions

for review of a Board of Immigration Appeals ("BIA") decision affirming the denial

by an Immigration Judge ("IJ") of his application for deferral of removal under the

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we review for substantial evidence. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). When, as here, the BIA agrees with the IJ's reasoning, we review both decisions. *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). We deny the petition.

1.    Substantial evidence supports the denial of CAT relief. To qualify for deferral of removal under CAT, an applicant must show "it is more likely than not" that he "would be tortured" in his country of removal. 8 C.F.R § 1208.16(c)(2); *Maldonado v. Lynch*, 786 F.3d 1155, 1162 (9th Cir. 2015).[1] "Though torture need not be on account of a protected ground, it must be 'inflicted by or at the instigation of or with the consent or acquiescence of a public official.'" *Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019) (quoting 8 C.F.R. § 1208.18(a)(1)).

The BIA's conclusion that Montoya failed to establish government consent or acquiescence to torture is supported by substantial evidence. Montoya alleges he is likely to be tortured or killed by the Vargas family, who stole Montoya's family's land in Zacatecas, Mexico. But Montoya testified that the Mexican government is aiding his family in settling the land dispute, and recently sent "thirty soldiers from the National Guard to recover the land." This testimony was confirmed by

---

[1]    Montoya concedes that deferral of removal is the only relief available to him.

2                                                                                    24-623

Montoya's niece, who testified that the last two times she visited the land to meet with the Vargas family, she was accompanied by the "the National Guard and preventative police" at the direction of the district attorney. Far from acquiescing to Montoya's potential torture, the evidence demonstrates that the government is assisting in settling the land dispute and protecting Montoya's family.

Although Montoya presented evidence that there is police corruption in Mexico, this general evidence does not compel a contrary conclusion. Thus, even assuming Montoya established a likelihood of torture, his failure to show government acquiescence disposes of his claim.

2.	"If the [BIA] rejects expert testimony, it must state in the record why the testimony was insufficient." *Castillo v. Barr*, 980 F.3d 1278, 1283 (9th Cir. 2020) (internal citations omitted). When the BIA finds that expert testimony is outweighed by other evidence in the record, that finding must be supported by substantial evidence. *Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1157 (9th Cir. 2022).

The BIA concluded that the IJ did not err in affording little weight to Dr. Gonzales's "predictive opinions and conclusions" regarding a purported land dispute because Dr. Gonzales (1) failed to consider contradictory evidence in the record; (2) failed to adequately address the direct involvement of the Mexican government in protecting Montoya's family members; and (3) failed to adequately address

3                                                                      24-623

Montoya's niece's continued residence in Mexicali, Mexico and her direct interactions with the Vargas family without harm.

The BIA's conclusions are supported by substantial evidence. Dr. Gonzales asserted that Montoya's two brothers, Ruben and Miguel, were murdered, but did not address Ruben's death certificate, which stated he died by suicide. Dr. Gonzales also testified that Montoya had not returned to Mexico, but Montoya went to Zacatecas for his brother's funeral and also visited Tijuana. Although Dr. Gonzales acknowledged that the Mexican government was aiding the Montoya family in settling the land dispute, he stated only that the government would not be able to protect Montoya. The inability to prevent torture does not constitute government acquiescence, *Garcia-Milian*, 755 F.3d at 1034, and Dr. Gonzales did not address this distinction. Finally, Dr. Gonzales stated that he would be afraid of cartel violence in Mexicali if he were Montoya's niece, but he did not adequately address her frequent visits to Zacatecas and direct interactions with the Vargas family.

The BIA "state[d] in the record why [Dr. Gonzales's] testimony was insufficient," *see Castillo*, 980 F.3d at 1283 (quoting *Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011)), and its reasoning is supported by substantial evidence, *see Velasquez-Samayoa*, 49 F.4th at 1157. Thus, the BIA did not err in affording no weight to Dr. Gonzales's predictive opinions about the land dispute.

The petition is **DENIED**.[2]

---

[2]     The temporary stay of removal will remain in place until the mandate issues, and the motion to stay removal (Dkt. 4) is otherwise denied as moot.